UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NICHOLAS OUDEKERK,

                                        Plaintiff,                    9:26-CV-0826
                                                                        (AMN/CBF)
            v.


C.O GILLINGHAM, C.O. CURTIS. C.O. WAITE,

                                        Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

NICHOLAS OUDEKERK
Plaintiff, pro se
15509
Warren County Correctional Facility
1400 State Route 9
Lake George, New York 12845

ANN M. NARDACCI
United States District Judge

## DECISION AND ORDER

## I.      INTRODUCTION

The Clerk has sent to the Court for review a pro se complaint filed by plaintiff Nicholas Oudekerk ("plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983"), asserting claims arising out of his confinement in the custody of Warren County Correctional Facility as a pretrial detainee.  Dkt. No. 1, Complaint ("Compl.").  Plaintiff, who is presently incarcerated at Warren County Correctional Facility, has not paid the statutory filing fee for this action and seeks leave to proceed in forma pauperis ("IFP").[1]  Dkt. No. 2, IFP Application.

_____
[1] Over the past three years, plaintiff has filed nineteen other actions in this District.  *See Oudekerk v. Glens Falls PD Officer Doe 1*, No. 5:23-CV-0288 (BKS/TWD) (N.D.N.Y. filed Mar. 3, 2023); *Oudekerk v. Bateholts*, No. 5:23-

## II.    IFP STATUS

Where a plaintiff seeks leave to proceed IFP, the Court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the Court's filing fee of $405.00.  Even if a plaintiff financially qualifies for IFP status, the Court must also determine whether the "three strikes" provision of 28 U.S.C. § 1915(g) bars the plaintiff from proceeding IFP and without prepayment of the filing fee.  Section 1915(g) provides as follows

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

If the plaintiff is indigent and not barred by § 1915(g), the Court must also consider whether the causes of action stated in the complaint are, *inter alia*, frivolous, or malicious, or if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b)(1).

---

CV-0608 (LEK/TWD) (N.D.N.Y. filed May 19, 2023); *Oudekerk v. Doe #1*, No. 9:24-CV-0113 (DNH/MJK) (N.D.N.Y. filed Jan. 23, 2024); *Oudekerk v. Hearing Officer Doe*, No. 9:24-CV-0111 (AMN/CFH) (N.D.N.Y. filed Jan. 23, 2024); *Oudekerk v. Thomas et al.*, No. 9:24-CV-0109 (ECC/CBF) (N.D.N.Y. filed Jan. 23, 2024); *Oudekerk v. Curtis*, No. 9:24-CV-0144 (GTS/DJS) (N.D.N.Y. filed Jan. 30, 2024);  *Oudekerk v. Eldrige*, No. 9:24-CV-0309 (FJS/CFH) (N.D.N.Y. filed Mar. 4, 2024); *Oudekerk v. Lehoisky*, No. 1:24-CV-0311 (AMN/TWD) (N.D.N.Y. filed Mar. 4, 2024); *Oudekerk v. Springer*, No. 9:24-CV-0310 (DNH/ML) (N.D.N.Y. filed Mar. 4, 2024); *Oudekerk v. Canale*, No. 9:24-CV-0408 (LEK/DJS) (N.D.N.Y. filed Mar. 25, 2024); *Oudekerk v. Bolmen*, No. 9:24-CV-0654 (GTS/ML) (N.D.N.Y. filed May 13, 2024); *Oudekerk v. C.O. Doe*, No. 9:25-CV-0371 (ECC/TWD) (N.D.N.Y. filed Mar. 25, 2025); *Oudekerk v. Maille*, No. 1:25-CV-0919 (GTS/PJE), (N.D.N.Y. filed July 14, 2025); *Oudekerk v. Green*, No. 9:25-CV-1115 (BKS/TWD) (N.D.N.Y. filed Aug. 18, 2025); *Oudekerk v. Chiniak*, No. 9:25-CV-1747 (AJB/MJK) (N.D.N.Y. filed Dec. 12, 2025); *Oudekerk v. Warrington et al.*, No. 1:26-CV-0485 (AMN/PJE) (N.D.N.Y. filed Mar. 25, 2026); *Oudekerk v. Thomas*, No. 9:26-CV-0497 (ECC/CBF) (N.D.N.Y. filed Mar. 26, 2026); *Oudekerk v. State Police Officer Doe*, No. 1:26-CV-1194 (ECC/CBF) (N.D.N.Y. filed June 8, 2026); and *Oudekerk v. State Police Officer Doe*, No. 1:26-CV-1200 (AJB/DJS) (N.D.N.Y. June 9, 2026).

In this case, plaintiff has demonstrated economic need and has filed the inmate authorization form required in the Northern District of New York.  Dkt. No. 2, IFP Application; Dkt. No. 3, Inmate Authorization Form.  Thus, the Court must determine whether plaintiff has "three strikes" and, if so, whether he is entitled to invoke the "imminent danger" exception to that rule.  *See* 28 U.S.C. § 1915(g).

### A.  Determination of "Strikes"

The Court has reviewed plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service.  On the basis of that review, the Court finds that, as of the date that plaintiff commenced this action, April 23, 2026,[2] plaintiff had acquired at least three strikes because he filed three previous civil actions while incarcerated that were dismissed based on frivolousness, maliciousness, or failure to state a claim upon which relief may be granted.  *See Oudekerk v. Curtis*, No. 9:24-CV-0144 (GTS/DJS), Decision and Order, Dkt. No. 8 (N.D.N.Y. Apr. 16, 2024) (dismissing plaintiff's amended complaint for failure to state a claim upon which relief could be granted in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)); [3] *Oudekerk v. Hearing Officer Doe et al.,* No. 9:24-CV-0111 (AMN/CFH), Decision and Order, Dkt. No. 10 (N.D.N.Y. May 24, 2024) (dismissing plaintiff's amended complaint for failure to state a claim upon which relief may be granted in accordance with 28 U.S.C. § 1915(e)(2)(B) and 1915A(b));[4] and

---

[2]   Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing.  *Houston v. Lack*, 487 U.S. 266, 270 (1988).

[3]   "A strike does accrue . . . if the plaintiff files an amended complaint and the amended complaint is dismissed for an enumerated reason," specifically that the amended complaint was dismissed as frivolous, malicious, or failing to state a claim.  *Cotton v. Noeth*, 96 F.4th 249, 256 (2d Cir. 2024) (referencing 28 U.S.C. § 1915(g)).  Here, because plaintiff's amended claim was dismissed for failing to state a claim, it constitutes a strike.

[4]   "A strike does accrue . . . if the plaintiff files an amended complaint and the amended complaint is dismissed for an enumerated reason," specifically that the amended complaint was dismissed as frivolous, malicious, or

*Oudekerk v. Lehoisky*, No. 1:24-CV-0311 (AMN/TWD), Memorandum-Decision and Order (N.D.N.Y. Nov. 17, 2025) (granting defendant's 12(b)(6) motion and ordering the complaint dismissed with prejudice because plaintiff's guilty plea and "subsequent conviction bar[] his Fourth Amendment claim for false arrest as a matter of law.").[5]

Thus, unless it appears that the "imminent danger" exception to the "three strikes" rule is applicable in this action, plaintiff may not proceed IFP.

### B. Applicability of the "Imminent Danger" Exception

Congress enacted the "imminent danger" exception as a "safety valve" to prevent impending harms to prisoners otherwise barred from proceeding IFP. *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). "[F]or a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint—in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (citation omitted); *see also Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007) (imminent danger claims must be evaluated at the time the complaint is filed, rather than at the time of the events alleged). In addition, "§ 1915(g) allows a three-strikes litigant to proceed [in forma pauperis] only when there exists an adequate nexus between the claims he seeks to pursue

---

failing to state a claim. *Cotton v. Noeth*, 96 F.4th 249, 256 (2d Cir. 2024) (referencing 28 U.S.C. § 1915(g)). Here, because plaintiff's amended claim was dismissed for failing to state a claim, it constitutes a strike.

[5]   The Second Circuit has explained that "[a] prior dismissal qualifies as a strike only where the *entire* action or appeal was dismissed as frivolous, malicious, or for failure to state a claim. . . . Thus, a mixed dismissal, in which claims are dismissed on both § 1915(g) and non-§ 1915(g) grounds, does not constitute a strike. However, where a dismissal rests on several alternative grounds for one or more claims, it counts as a strike if each claim brought in the lawsuit is dismissed on a basis that would independently justify a strike." *Kaminiski v. Kennedy*, No. 22-2084, 2024 WL 1664771, at *2 (2d Cir. Apr. 18, 2024) (internal quotation marks and citations omitted) (emphasis in original). Here, plaintiff's entire action was dismissed for his failure to state a claim upon which relief could be granted, as the single claim that he chose to move forward with was ultimately determined to be legally barred.

and the imminent danger he alleges." *Pettus*, 554 F.3d at 296.  In deciding whether such a nexus exists, the Second Circuit instructs the courts to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury." *Id*. at 298-99.  Both requirements must be met in order for the three-strikes litigant to proceed IFP.  *Id.*

"When determining whether a prisoner has qualified for the 'imminent danger' exception, courts look at the non-conclusory allegations in the plaintiff's complaint." *Welch v. Charlan*, No. 06-CV-61, 2008 WL 5382353, at *1, n.2 (N.D.N.Y. Dec. 16, 2008); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[A]ll [circuits] maintain a singular focus on the facts alleged in the complaint in deciding whether a prisoner faced the requisite harm.") (collecting cases).  Where the plaintiff is proceeding pro se, his complaint should be liberally construed and interpreted "to raise the strongest arguments that [it] suggest[s]." *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotation marks omitted).  "[T]hough [a court] is obligated to draw the most favorable inferences that [a pro se plaintiff's] complaint supports, [the court] cannot invent factual allegations that [the plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citations omitted).  Thus, "[a] court may find that a complaint does not satisfy the 'imminent danger' exception if the complainant's 'claims of imminent danger are conclusory or ridiculous.' " *Id*. (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 331 (7th Cir. 2003)).  Finally, "[t]he imminent danger claimed by the inmate . . . must be real, and not merely speculative or hypothetical." *Nelson v. Nesmith*, No. 06-CV-1177 (TJM), 2008 WL 3836387, at *5 (N.D.N.Y. Aug. 13, 2008) (citation omitted).

Petitioner brought this challenge in on April 23, 2026.  *See* Compl.  When plaintiff filed his pleading in the instant action, he was a pretrial detainee housed at Warren County Jail, where he remains in custody as a pretrial detainee today.  *See* VINElink, https://www.vinelink.com/search/persons;limit=20;offset=0;showPhotos=false;isPartialSearch=false;siteRefId=NYSWVINE;personFirstName=nicholas;personLastName=oudekerk;stateServed=NY (last visited June 26, 2026).[6]

In his complaint, plaintiff asserts that, on April 3, 2026, defendant Corrections Officers Gillingham and Curtis used excessive force when they unnecessarily and unlawfully assaulted plaintiff and deployed a chemical agent upon plaintiff knowing that plaintiff was allergic to the substance.  Compl. at 7-11, 16-17.  Further, plaintiff argued that defendant Corrections Officer Waite failed to protect him from the unlawful assault and deployment of the chemical agent as Waite witnessed the events and failed to intervene.  *Id.* at 12-14.

Specifically, plaintiff explained that on April 3, 2026, two inmates were attempting to verbally provoke one another during mealtime.  Compl. at 6.  Plaintiff diffused the situation by telling one of the inmates to leave the other alone and then attempted to get his meal when Gillingham approached petitioner and "pushd his hand onto [plaintiff's] chest[.]"  *Id.* Gillingham then walked plaintiff to his cell, and, upon arrival, blocked the doorway to prevent plaintiff's entry and threatened him.  *Id.* at 7.  Plaintiff retreated backwards, to create space between him and Gillingham, and was accused of refusing to enter his cell.  *Id.* at 8. Gillingham authored a supporting deposition for an Unusual Incident Report, attached in support of the present pleading, which states that Gillingham placed his hand on plaintiff,

---

[6]  "VINE is the nation's leading victim notification network [which] allows [the general public] . . . to access timely and reliable information about offenders or criminal cases in U.S. jails and prisons."  VINE *available at* https://www.vinelink.com/.

there was a disagreement about plaintiff entering his cell, and he and Waite "used soft hand techniques to place [plaintiff] in [his] cell." *Id.* at 48; *see also id.* at 50.

Once plaintiff entered his cell, plaintiff contends Gillingham "slammed [him] on the floor [and] punched, elbowed and kneed [plaintiff] in his head, left kidney and ribs[.]"  Compl. at 8. Plaintiff hid under his desk while Gillingham grabbed his wrist and, according to plaintiff, attempted to break it.  *Id.* at 9.  Gillingham and Waite's statements, which were filed in conjunction with an Unusual Incident Report and attached as supporting exhibits, confirm that their use of force escalated as they tried to get plaintiff into his cell, and Gillingham's head and neck were scratched and his shirt was ripped during the encounter.  *Id.* at 49, 53.  Waite observed the interactions between plaintiff and Gillingham both outside of and inside plaintiff's cell; however, plaintiff claims that Waite did not intervene and subsequently lied about what he witnessed.  *Id.* at 12, 14.

Eventually, Gillingham applied chemical spray, three times, in plaintiff's cell.  Compl. at 14, 49-50.  Plaintiff contends Gillingham knowingly deployed this agent despite being aware plaintiff was allergic to it.  *Id.* at 16-17.  Then Curtis and Waite assisted plaintiff to the showers for decontamination.  *Id.* at 50, 53.

After the altercation, plaintiff's arm was bruised, and he experienced increasing pain in his kidney, right wrist, and head.  Compl. at 11.  Plaintiff never received any x-rays or diagnostic tests to determine the extent of his injuries.  *Id.*  While plaintiff did not memorialize his injuries on a medical call out, he did verbally convey them, as well as the pain he was experiencing.  *Id.*

Construing plaintiff's complaint with the leniency that the Court must afford a pro se litigant, *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), plaintiff's allegations do not

plausibly suggest imminent danger of serious physical injury when he filed the complaint. While plaintiff remains a pretrial detainee at the same facility where the alleged excessive use of force happened, the Second Circuit – consistent with other courts across the country – has made clear that allegations of past wrongs do not show an imminent danger existed when this action was brought.  *See Pettus*, 554 F.3d at 296 (risk of serious physical harm must exist at the time the complaint is filed); *Malik v. McGinnis*, 293 F.3d 559, 562–63 (2d Cir.2000) (past harm does not provide basis for avoiding three-strikes rule); *see also King v. Livingston*, 212 Fed. Appx. 260, 262 (5th Cir. 2006) (allegations of past attacks by inmates and prison officials which allegedly occurred six weeks before complaint was filed were insufficient to establish imminent danger)*; Foust v. Perez*, No. 2:23-CV-0179, 2026 WL 1021072, at *2 (E.D. Cal. Apr. 15, 2026) (holding that the "imminent danger exception does not apply . . . [where p]laintiff does not allege any ongoing danger as a result of [a] one-time use of excessive force," that took place multiple weeks prior to the filing of his complaint).

Plaintiff indicates that both Curtis and Gillingham have been involved in prior incidents that have resulted in plaintiff commencing lawsuits, Compl. at 13; however, plaintiff provides no further information about the timing or merits of those lawsuits and how or why those lawsuits would be related to the April 2026 incident plaintiff is presenting challenging.  In sum, plaintiff's pleading fails to explain how a seemingly isolated incident that occurred weeks before he filed his complaint continued to create "a threat or prison condition [that] is real and proximate, and whe[re] the potential consequence is 'serious physical injury.' " *Flemming v. Kemp,* No. 09-CV-1185 (TJM/DRH), 2010 WL 3724031, at *2 (N.D.N.Y. Aug. 19, 2010); *see, e.g., Sankara v. Gonyea*, No. 9:18-CV-0534 (MAD/DJS), 2018 WL 3384460, at *3 (N.D.N.Y. June 8, 2018) (finding that the allegations did not support a claim of imminent danger of

serious physical injury where "[a]ny danger posed by defendants' alleged use of excessive force against [plaintiff] in January 2018, had clearly dissipated by the time plaintiff signed his complaint on April 30, 2018.") (citing *Pettus*, 554 F.3d at 296); *Bonano v. Costello*, No. 9:19-CV-0671 (GTS/CFH), 2019 WL 3081058, at *4 (N.D.N.Y. July 15, 2019) (reaching same conclusion that imminent danger had dissipated where excessive force occurred in October 2018 and the complaint was signed on December 20, 2018); *cf. Chavis*, 618 F.3d at 170 ("An allegation of a recent brutal beating, combined with three separate threatening incidents, some of which involved officers who purportedly participated in that beating, is clearly the sort of ongoing pattern of acts that satisfies the imminent danger exception.").

Based upon the foregoing, the Court finds that plaintiff is barred under Section 1915(g) from proceeding with this action IFP because he has three "strikes" and has not demonstrated the applicability of the "imminent danger" exception.

## III.    LEAVE TO AMEND

In light of plaintiff's pro se status, the Court will give him an opportunity to present an amended complaint. *See Chavis*, 618 F.3d at 170.  Plaintiff is advised that any amended complaint submitted in response to this Decision and Order must set forth a short and plain statement of the facts he relies on in support of his claim that specific individuals named as defendants in that pleading engaged in conduct that violated his constitutional rights, and must also contain factual allegations sufficient to plausibly suggest that he faced "imminent danger of serious physical injury" from one or more of the named defendants when he filed this action.  Plaintiff's amended complaint, which shall supersede and replace in its entirety the original complaint, must be a complete pleading which sets forth all of the claims that plaintiff wants this Court to consider as a basis for awarding relief in this action.

If plaintiff wishes to proceed with this action he must, within thirty (30) days of the filing date of this Decision and Order, either (i) pay the statutory filing fee of four hundred and five dollars ($405.00) in full, or (ii) file an amended complaint demonstrating that he faced "imminent danger of serious physical injury" when he filed this action.[7]

## IV.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP Application, Dkt. No. 2, is held in abeyance; and it is further

**ORDERED** that within thirty (30) days of the date of this Decision and Order, plaintiff shall either (i) pay the Court's filing fee of four hundred and five dollars ($405.00) in full, or (ii) file an amended complaint demonstrating that he faced "imminent danger of serious physical injury" from the named defendant(s) when he commenced this action; and it is further

**ORDERED** that upon plaintiff's compliance with this Decision and Order or the expiration of the time set forth herein, the Clerk of the Court shall return the file to this Court for review; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: <u>August 4, 2026</u>
       Albany, NY

Anne M. Nardacci
U.S. District Judge

---

[7]    Plaintiff is reminded that claims of "imminent danger" set forth in wholly conclusory terms do not suffice. *See Chavis*, 618 F.3d at 170.